# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-4293-MWF (FFMx)              Date:  December 21, 2016
Title:    Savannah Pepka v. Kohl's Department Stores, Inc.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

Rita Sanchez                                    None Present
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                    None Present

PROCEEDINGS (IN CHAMBERS):  ORDER RE DEFENDANT'S MOTION TO
                            STRIKE [28]

   Before the Court is Defendant Kohl's Department Stores, Inc.'s Motion to Strike Plaintiff's Class Allegations, filed on November 7, 2016. (Docket No. 28). Plaintiff Savannah Pepka filed an Opposition to the Motion on November 28, 2016. (Docket No. 32). Defendant filed a Reply on December 5, 2016. (Docket No. 34). The Court held a hearing on December 19, 2016.

   For the reasons stated below the Motion is **GRANTED**. Plaintiff's class allegations necessarily involve individualized inquiries. In addition, the proposed class is an impermissible fail-safe class. For these reasons, striking the allegations is proper at this stage.

I.   **BACKGROUND**

   Plaintiff's First Amended Complaint (FAC) alleges Defendant made phone calls to her without prior express consent in violation of the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq. (Docket No. 12, ¶ 1). Plaintiff alleges that on October 18, 2015, Defendant or its agents called her to collect a debt. (*Id.* ¶ 13). Plaintiff informed the caller that she could not pay the debt at that time and requested that she not be called again. (*Id.* ¶ 16). Despite revoking consent, Plaintiff continued to receive calls from Defendant on multiple occasions. (*Id.* ¶ 21).

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-4293-MWF (FFMx)			Date:  December 21, 2016
Title:	Savannah Pepka v. Kohl's Department Stores, Inc.

Plaintiff brings her claims on behalf a class defined by the FAC:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of the Complaint.

(*Id.* ¶ 35).

## II.  LEGAL STANDARD

Defendant moves to strike Plaintiff's class allegations under Rule 12(f). (Motion at 1).

The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise form litigating spurious issues by dispensing with those issues prior to trial." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010).  Striking class allegations prior to a formal certification motion is generally disfavored due to the lack of a developed factual record.  *See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating that "it is in fact rare to [strike class allegations] in advance of a motion for class certification," and holding that "it is premature to determine if this matter should proceed as a class action" because discovery had not begun); *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) (declining to consider the adequacy of class allegations on a motion to strike).  The Court may strike class allegations, however, when no class action can possibly be maintained on the face of the pleading.  *See Tietsworth*, 720 F. Supp. at 1145 (striking class allegations due to predominance of individual issues on certain claims); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) ("Rule 12(f) also grants courts the authority to strike class allegations that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-16-4293-MWF (FFMx)        Date: December 21, 2016
Title:     Savannah Pepka v. Kohl's Department Stores, Inc.

cannot possibly move forward on a classwide basis.") (citations omitted); *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("[W]here the matter is sufficiently obvious from the pleadings, a court may strike class allegations."). As with motions to dismiss, "leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment." *Tietsworth*, 720 F. Supp. at 1146.

Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person or entity to make a call . . . (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

## III. ANALYSIS

Defendant argues that the proposed class fails on its face to meet the requirements of Rule 23, and should be stricken as a result. Defendant's primary contention is that Plaintiff's claims concern issues of individualized consent, making class certification impossible. (Motion at 6). To determine liability on the class claims, Defendant argues, investigation would be required into the circumstances of each plaintiff's consent, or lack thereof, to receive calls by Defendant.

Defendant also alleges that the proposed class is an impermissible "fail-safe" class, one that "precludes membership in the class unless liability of the defendant is first established." (Motion at 7).

Plaintiff responds first that striking class allegations would be premature at this stage of the litigation. (Opposition at 3). In addition, Plaintiff argues Defendant misconstrues Plaintiff's proposed class, which in fact seeks to represent "a class of consumers that revoked consent but continued to receive telephone communications from Defendant via Defendant's [automatic telephone dialing system]." (Opposition at 7). Finally, Plaintiff contends the proposed class is not a fail-safe class and, even if it were, that such a class would be acceptable at this stage of the litigation. (*Id.* at 9).

---
**CIVIL MINUTES—GENERAL**        3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4293-MWF (FFMx)          **Date:** December 21, 2016
**Title:**     Savannah Pepka v. Kohl's Department Stores, Inc.

     Each party cites to several cases in support of its arguments. This issue appears to have been addressed by several other district courts. For example, in *Anderson v. CBE Group, Inc.*, 2011 U.S. Dist. LEXIS 42334, at *7 (N.D. Cal. Apr. 18, 2011), the court denied a motion to strike class allegations in a TCPA case because "the class definitions are premature and should be resolved in connection with plaintiffs' motion for class certification. The Court will be better positioned to assess the validity of those objections after the parties have developed the factual record and any legal questions about the TCPA have been resolved." Plaintiff cites several other TCPA cases involving debt collection in which district courts denied motions to strike. *See Iniguez v. CBE Group*, 969 F. Supp. 2d 1241, 1248 (E.D. Cal. 2013) ("This case is not one in which the pleadings clearly indicate that the class action requirements cannot be met. Defendant's motion to strike is accordingly premature, and it is denied."); *Blair v. CBE Group*, 2013 WL 2029155, at *5 (S.D. Cal. May 13, 2013) ("At this stage of the proceedings, the Court cannot say that TCPA claims are generally unsuitable for class treatment. Nor is this the rare case where the pleadings indicate that the class requirements cannot possibly be met."). The *Blair* case noted that several district courts have granted class certification in TCPA cases. *See Blair*, 2013 WL 2029155, at *5 ("[T]he fact that other courts have certified classes in TCPA actions indicates that TCPA claims may be amenable to class treatment once the issue is properly before the Court.").

     Defendant also cites several cases. For example, in *Gannon v. Network Tel. Servs., Inc.*, 2013 WL 2450199, at *2 (C.D. Cal. June 5, 2013), the court denied a motion to certify a class of plaintiffs "consisting of [a]ll persons in the United States and its Territories who received one or more unauthorized text messages sent by or on behalf of Defendants, or their agents or affiliates nationwide, where any such text message was sent on or after November 15, 2008." The court concluded that it would need to hold "mini-trials" to determine who had received texts and who had not. *Id.* Therefore, the class was not ascertainable and failed under Rule 23.

     In *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908, at *1 (N.D. Cal. Aug. 22, 2016), the court struck the class allegations for a class composed of

---

**CIVIL MINUTES—GENERAL**                                                   4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4293-MWF (FFMx)          **Date:** December 21, 2016
**Title:** Savannah Pepka v. Kohl's Department Stores, Inc.

> All persons within the United States who received any collection telephone calls from [d]efendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice after such person had revoked any prior express consent to receiving such calls, whether orally, in writing, or by any reasonable means, as demonstrated by [d]efendant's account notes, recordings of calls, and/or other collections files or records, within the four years prior to the filing of this Complaint.

*Id.* The court concluded that this proposed class constituted an impermissible fail-safe class because "whether a person is a member of the class is dependent on whether he/she prevails on the merits of the TCPA claim alleged in the operative pleading." *Id.* This poses an issue with respect to whether the class is ascertainable, as Rule 23 requires. *See Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015) ("[F]ail-safe classes [are] one category of classes failing to satisfy the ascertainability requirement.") (citing Erin L. Geller, *The Fail–Safe Class as an Independent Bar to Class Certification*, 81 Fordham L. Rev. 2769, 2782 (April 2013)).

     The Ninth Circuit has not yet spoken definitively on the permissibility of fail-safe class allegations. *See In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012) ("Importantly, however, it is not clear that the Ninth Circuit forbids fail-safe classes."); *see also Zarichny*, 80 F. Supp. 3d at 625 ("[T]he Ninth Circuit has not explicitly precluded fail-safe classes, . . . ."). But the Ninth Circuit has issued some guidance on the subject. In an unpublished decision, the Ninth Circuit recognized that fail-safe classes are "palpably unfair to the defendant," and are also "unmanageable—for example, to whom should the class notice be sent?" *Kamar v. RadioShack Corp.,* 375 Fed. Appx. 734, 736 (9th Cir. April 14, 2010). In addition, the court recently cited this decision in a published opinion, warning that defining a class too narrowly "threatens to create a fail-safe class." *Torres v. Mercer*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4293-MWF (FFMx)          **Date:** December 21, 2016
**Title:** Savannah Pepka v. Kohl's Department Stores, Inc.

*Canyons Inc.*, 835 F.3d 1125, 1138 (9th Cir. 2016) (citing *Kamar*, 375 Fed. Appx. at 736).

       Given this precedent, the Court concludes that fail-safe classes should not be certified under Ninth Circuit law. Even apart from *Torres* and *Kamar*, the Court is more persuaded by the reasoning in those district court cases in which the allegations were stricken. The proposed class cannot meet the requirements of Rule 23 because individualized issues of revoked consent would predominate in the litigation, and the class would constitute an impermissible fail-safe class.

       Plaintiff acknowledges that her proposed class would include those who "revoked consent but continued to receive telephonic communications." (Opposition at 7). Defendant is correct that litigating the claims of such a class would necessarily involve highly individualized inquiries into whether each member revoked, how such revocation occurred, when it occurred, etc. The United States Judicial Panel on Multidistrict Litigation recently issued an order in a TCPA case that contained relevant guidance:

> [T]he amount of individualized discovery into such matters as the number of calls each plaintiff received, the process and documentation involving in obtaining that plaintiff's consent, and the timing and circumstances surrounding revocation seems likely to be quite significant.

*In re Kohl's Tel. Consumer Prot. Act (TCPA) Litig.*, No. MDL 2736, 2016 WL 5846029, at *1 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2016). Other district courts have held that TCPA claims alleging lack of consent involve individualized inquiries, such that class certification is impossible. *See, e.g.*, *Gannon*, 2013 WL 2450199, at *2 ("Plaintiff's class definition would require individual inquiry into whether the potential class members consented to receiving text messages.").

       Plaintiff fails to show why this is not the case with her allegations. The closest she comes is an argument that further discovery may reveal Defendant's business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4293-MWF (FFMx)         **Date:** December 21, 2016
**Title:**     Savannah Pepka v. Kohl's Department Stores, Inc.

practices. (Opposition at 7). But no matter what that discovery might show, the fact remains Plaintiff's allegations require an individualized inquiry into questions such as which of the class members granted consent in the first place, who among that group revoked consent, and whether such revocation was proper and put Defendant on notice. Plaintiff cites recent FCC authority stating that revocation of consent may provide the foundation for a successful suit under the TCPA. *See* 2015 FCC Lexis 1586 (describing why the TCPA allows suits based on revocation of consent). The Court agrees that a plaintiff may succeed under the TCPA by showing that she or he revoked the consent that once allowed the defendant to call or text. But this potential success has no bearing on whether the class allegations here involve individualized inquiries or whether those inquiries predominate.

      Accordingly, the Court concludes the allegations here involve highly individualized inquiries regarding consent and revocation of consent. The class cannot be certified given these issues, and because discovery would not cure this defect striking the class allegations is proper.

      In addition, the allegations constitute a fail-safe class. Defendant cites a multitude of district court decisions that come to this conclusion after interpreting nearly identical class definitions. *See, e.g.*, *Dixon*, 2016 WL 4426908, at *3 (finding nearly identical language in class definition constituted improper fail-safe class); *Zarichny*, 80 F. Supp. 3d at 626 (same); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 540 (E.D. Mich. 2015) (same); *Sauter v. CVS Pharm., Inc.*, 2014 WL 1814076, at *8–9 (S.D. Ohio May 7, 2014) (same); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 2013 WL 275568, at *5 (E.D. Mo. Jan. 24, 2013) (same).

      The Court finds these cases persuasive. Deciding who fell into Plaintiff's proposed class would "require the Court to engage in an improper merits evaluation to determine who is in the class." *Lindsay Transmission, LLC*, 2013 WL 275568, at *4. Each potential class member would be subject to a "mini-hearing" on "the merits of each case." *Id.* Without such a hearing it would be impossible to determine if consent had been revoked and the calls made in violation of the TCPA. *Id.*

---

**CIVIL MINUTES—GENERAL**                           7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-4293-MWF (FFMx)          **Date:** December 21, 2016
**Title:**     Savannah Pepka v. Kohl's Department Stores, Inc.

      In sum, Plaintiff's class allegations are insufficient to show that common issues would predominate over individual ones in this action and must therefore be stricken from the complaint. In addition, the class definition describes an improper fail-safe class. Although the Court doubts that amending the FAC would cure the discussed deficiencies, it nonetheless will provide Plaintiff an opportunity to do so.

## IV. CONCLUSION

      For the foregoing reasons, the Motion is **GRANTED** *with leave to amend*. Plaintiff shall file a Second Amended Complaint by **January 9, 2017.**

      IT IS SO ORDERED.